UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE TURNER,<br><br>    Petitioner,<br><br>  v.<br><br>DERRAL ADAMS, warden,<br><br>    Respondent.<br>_____/ | No. C 07-6258 MHP (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Edward Lee Turner, currently incarcerated at the state prison in Corcoran, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

## BACKGROUND

According to the habeas petition, Turner was convicted in Contra Costa County Superior Court of numerous sex offenses and was sentenced to 283 years to life in prison.

Turner appealed. The California Court of Appeal affirmed the conviction and the California Supreme Court denied the petition for review in 2006. He filed unsuccessful state habeas petitions, and then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition has many claims. First, Turner contends that defense counsel provided ineffective assistance in that counsel failed to sufficiently consult with defendant before trial, failed to investigate the facts of the crimes, was seriously ill during the trial, failed to interview and call material witnesses, failed to subpoena material evidence, and failed to challenge weaknesses in the prosecution case. Petition, pp. 5-14, 38-41. Second, Turner contends that his aggravated sentence violated the rule from Apprendi v. New Jersey, 530 U.S. 466 (2000), because it was based on facts not submitted to and found true by the jury, and also violated the Ex Post Facto Clause and his earlier plea agreements. Petition, pp. 15-23. Third, he contends that the trial court erred in denying his motion to suppress evidence regarding Jane Doe # 5. Petition, p. 24. Fourth, Turner contends that his right to due process was violated by the use of an impermissibly suggestive photo identification procedure. Petition, p. 25. Fifth, he contends that his right to due process was violated because there was excessive pre-accusation delay. Petition, p. 26. Sixth, he contends that his right to due process was violated by the trial court's denial of his motion for a severance of several counts. Petition, p. 27. Seventh, Turner contends that his rights to due process and equal protection were denied when the court admitted evidence of uncharged offenses to show his propensity to commit sex offenses. Petition, pp. 28-30. Eighth, Turner contends his rights to due process and to confront witnesses were denied when the court admitted the statements of

1  a non-testifying victim.  Petition, p. 31.  Ninth, Turner contends that his rights to due process
2  and a conflict-free defense attorney were violated by the denial of his motion to recuse the
3  district attorney without a conflict waiver or inquiry into the asserted conflict.  Petition, p. 32.
4  Tenth, Turner alleges that the government failed to disclose exculpatory evidence to the
5  defense, in violation of Brady v. Maryland, 373 U.S. 83 (1963).  Petition, pp. 33-38.
6  Eleventh, Turner alleges his rights to due process, to effective assistance of counsel, and to
7  present a defense were violated by the trial court's denial of a continuance during the trial for
8  Turner to obtain testimony of an incarcerated witness.  Petition, p. 42.  Twelfth, Turner
9  contends that his right to due process was violated by the use of the CALJIC 2.50.01, 2.50.1,
10 and 2.50.2 jury instructions at his trial. Petition, pp. 43-44.  Thirteenth, he alleges that his
11 right to due process was violated by the use of the CALJIC 2.21.2 jury instruction at his trial.
12  Petition, pp. 45-46.  Fourteenth, he alleges that his right to due process was violated by the
13 trial court's failure to declare a mistrial or grant a new trial after the prosecutor hugged two of
14 the victims. Petition, pp. 47-49.  Fifteenth, Turner alleges a cumulative error claim.  Petition,
15 p. 50.   Sixteenth, he alleges that he was denied his rights to due process and the effective
16 assistance of counsel by the trial court's failure to conduct a Marsden hearing and inquire into
17 a conflict of interest.  Petition, p. 51.   Liberally construed, all of these claims except the
18 claim discussed in the paragraph below are cognizable in a federal habeas action.

19         Turner's third claim –  that the trial court erred in denying his motion to suppress
20 evidence regarding Jane Doe # 5 based on an alleged Fourth Amendment violation – has no
21 legal merit.  Federal habeas review of Fourth Amendment claims is not available unless the
22 state did not provide an opportunity for full and fair litigation of those claims.  See Stone v.
23 Powell, 428 U.S. 465, 481-82, 494 (1976).  Even if the state court's determination of the
24 Fourth Amendment issues is improper, it will not be remedied in a federal habeas corpus
25 action as long as the petitioner was provided a full and fair opportunity to litigate the issue.
26 See Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983).  California state procedure provides
27 an opportunity for full litigation of any Fourth Amendment claim.  See Gordon v. Duran, 895
28 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment

1  claim in state court is irrelevant if he had opportunity to do so under California law).  In light
2  of the fact that Turner had the opportunity to, and did, litigate his Fourth Amendment claims
3  in state court, his federal habeas claim that the search was invalid and that the court
4  erroneously denied his motion to suppress are legally meritless and therefore are dismissed.

## CONCLUSION

6    For the foregoing reasons,

7    1.    The petition states cognizable claims for habeas relief and warrants a response.
8  The Fourth Amendment claim is dismissed.

9    2.    The clerk shall serve by certified mail a copy of this order, the petition and all
10  attachments thereto upon respondent and respondent's attorney, the Attorney General of the
11  State of California.

12    3.    Respondent must file and serve upon petitioner, on or before **October 3, 2008**,
13  an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,
14  showing cause why a writ of habeas corpus should not be issued.  Respondent must file with
15  the answer a copy of all portions of the state court record that have been previously
16  transcribed and that are relevant to a determination of the issues presented by the petition.

17    4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse
18  with the court and serving it on respondent on or before **November 7, 2008**.

19    5.    Petitioner is responsible for prosecuting this case.  He must keep the court
20  informed of any change of address and must comply with the court's orders in a timely
21  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
22  pursuant to Federal Rule of Civil Procedure 41(b).

23    6.    The <u>in forma pauperis</u> application is GRANTED.  (Docket # 3.)

24  IT IS SO ORDERED.

25  DATED:  August 1, 2008

        Marilyn Hall Patel
        United States District Judge